## WHITE v. TOWN OF CAZENOVIA.

(Supreme Court, Appellate Division, Third Department.   December 12, 1902.)

1. HIGHWAY—OBSTRUCTION—FRIGHTENING HORSE — EXPERT TESTIMONY—AD-MISSIBILITY.

In an action against a town for permitting a log of wood to remain on the roadside, by which plaintiff's horse was frightened, defendant called a witness to describe the log as it lay at the time of the accident. On cross-examination plaintiff's counsel, over objection, elicited the fact that the witness and his father had moved the log out of the road the day after the accident, and that they did so because the horse got scared at it, and they wished to prevent similar occurrences. *Held*, that this evidence was improper, the alarming character of the obstruction to a horse not being a subject for expert testimony, but an ultimate question for the jury.

Appeal from trial term.

Action by Evelyn G. White against the town of Cazenovia. From a judgment for plaintiff, entered on a verdict, and from an order denying a motion for new trial on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

M. H. Kiley, for appellant.
Wilson, Cobb & Ryan, for respondent.

KELLOGG, J.   This action charges the defendant with negligence in permitting a log of wood to remain on the roadside, which plaintiff alleges frightened her horse; and for not proving a barricade to an embankment upon the roadside.   One of the contested questions in the case was as to the log of wood,—whether or not it was, as charged in the complaint, "a frightful object, and was an object well calculated to alarm and frighten horses that might be driven along said highway." The plaintiff had proved that the log was moved, the day after the accident, by one Winchell, to some point on the opposite side of the highway.   A witness by name of Floyd Winchell was called by defendant to describe the log as it lay at the time of the accident.   No question was asked him by defendant as to removing the log.   On cross-examination counsel for plaintiff asked:

"Q. You and your father took the log out of the road the following day? A. Yes, sir.   (Objected to as incompetent, immaterial, and improper, and ask it be stricken out.)   The Court: It may stand.   (Exception taken.)  . Q. What did you move it for?   (Objected to as incompetent, immaterial, and improper.)   The Court: It is cross-examination.   (Exception taken.)   A. Because that was the place where the accident occurred, and that the horse got scared at it, and we moved it so that there wouldn't be any more got scared at it.   Defendant's Counsel: We move to strike out the answer as incompetent, immaterial, and improper.   The Court: No.   Defendant's Counsel: And not cross-examination, and not a direct examination.   The Court: You waited after the question was asked.   The evidence is competent.   I refuse to strike it out.   (Exception taken.)   Q. When did you reach your conclusion that it was the log that caused the accident?   (Objected to as incompetent, immaterial, and improper, and assuming a fact not proven.) The Court: He may state.   (Exception taken.)"

This witness was not the commissioner of highways, and his acts or statements could not be used to bind or prejudice the town. He was made here to declare, in substance, that the log was calculated to frighten horses, and where it lay was an object of danger. This is not a subject for expert testimony. It was a serious question whether the commissioner of highways, knew or ought to have known, that this log at the side of the highway, in a wooded tract, through which the highway passed, was an object of danger, because from its appearance it was reasonable to apprehend that it would frighten a manageable horse of ordinary courage, and cause him to bolt when prudently driven by. It was a question for the jury, and they had no right to determine that question on such testimony as this. The testimony so taken and declared by the court as competent without limitation was an error so grave as to require a reversal of the judgment.

The other questions and exceptions it is needless to examine, since the error pointed out calls for a new trial.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.